J-A19017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES BENTON SOUTH | |
| Appellant | No. 484 WDA 2013 |

Appeal from the Judgment of Sentence November 15, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006300-2012

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 22, 2014**

Appellant, Charles Benton South, appeals from the judgment of sentence entered on November 15, 2012 in the Criminal Division of the Court of Common Pleas of Allegheny County, as made final by the denial of post-sentence motions on February 15, 2013.   On appeal, Appellant challenges the trial court's determination that the Commonwealth proved by clear and convincing evidence at an assessment hearing that he met the criteria for designation as a sexually violent predator (SVP) under Megan's Law, 42 Pa.C.S.A. §§ 9792 (statutory definitions) and 9795.4 (hearing procedures).[1]  After careful review, we affirm.

_____

[1] Revisions to Megan's Law that took effect on December 20, 2012 now provide for an assessment hearing and define the criteria for sexually violent predator at 42 Pa.C.S.A. §§ 9799.24 (assessments) 9799.12 (definitions).

* Former Justice specially assigned to the Superior Court.

The trial court summarized the undisputed facts as follows:

The incidents that ultimately led to Appellant's guilty plea occurred between January of 2010 and December of 2011, and involved seven female victims between the ages of thirteen and seventeen. Appellant engaged in illegal sexualized electronic conversations with the victims and sent sexualized pictures and video to some of the victims. Appellant solicited and received sexualized photographs from some of the victims, one of whom was an undercover agent with the Pennsylvania State Attorney General's Office. [On November 15, 2012, Appellant pled guilty to four counts of unlawful contact with minors (18 Pa.C.S.A. § 6318(a)(4)), seven counts of criminal use of communication facilities, (18 Pa.C.S.A. § 7512(a)), two counts of contact or communication with a minor – sexual abuse, (18 Pa.C.S.A. § 6318(a)(5)), and four counts of possession of child pornography, (18 Pa.C.S.A. § 6312(d)(1)).] After his plea but prior to sentencing, th[e trial c]ourt ordered an SVP assessment for Appellant pursuant to 42 P.S. § 9799.24. The Pennsylvania Sexual Offender Assessment Board (SOAB) selected Dr. Alan Pass to conduct the SVP assessment.

At the SVP hearing, Dr. Pass testified that he conducted an SVP assessment on Appellant on October 1, 2012. Dr. Pass completed the examination and interview on October 17, 2012. According to Dr. Pass's testimony, the SOAB assessment included analysis of the facts of Appellant's current offense, prior offense history, other relevant characteristics of the individual and factors that are supported in the sexual offender assessment field as criteria reasonably related to the risk of re-offense. Dr. Pass testified that he found Appellant's behavior met the classification criteria for a mental abnormality, specifically Paraphilia NOS,[] as well as the statutory definition of predatory behavior. Dr. Pass found that because Appellant targeted multiple victims over an extended period of time, and suffers from a mental abnormality (Paraphilia NOS), the likelihood of appellant reoffending was high. Therefore, according to Dr. Pass, Appellant met the classification criteria for SVP.

Appellant selected [Dr.] David Gentile as his expert witness. [Dr.] Gentile testified that he would not classify Appellant as a SVP based on the results of the several actuarial risk assessment tools he employed during his evaluation of Appellant,

specifically: the Able Assessment for Sexual Interest (AASI), the Minnesota Multiphasic Personality Inventory (MMPI), the Sexual Violence Risk-20 (SVR20) and the Static 99. [Dr.] Gentile testified that the MMPI results indicated Appellant did not exhibit issues consistent with personality disorders. The AASI indicated that Appellant had no persistent deviant sexual interest in pre-school-aged boys, pre-school-aged girls, grade-school-aged boys, and grade-school-aged girls. [Dr.] Gentile testified that the results of the AASI made a diagnosis for Paraphilia NOS inappropriate. [Dr.] Gentile called into question Paraphilia NOS as a valid mental health diagnosis, testifying that he believed it to be a "garbage can" diagnosis, used often in SVP cases in order to establish the criteria for mental abnormality.

Trial Court Opinion, 6/20/13, at 3-5 (footnote omitted).

At the conclusion of Appellant's assessment hearing, the trial court credited the testimony of Dr. Pass and determined that Appellant met the statutory criteria for SVP designation. The court also sentenced Appellant to 11½ to 23 months of intermediate punishment, followed by five years of probation. Appellant moved for post-sentence relief, alleging that the Commonwealth's evidence was insufficient and that the trial court's determination was against the weight of the evidence. The trial court denied Appellant's motion on February 15, 2013. Thereafter, Appellant filed a timely notice of appeal on March 15, 2013. The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and, on April 5, 2013, Appellant timely complied. The trial court issued its opinion on June 20, 2013.

Appellant raises the following questions for our review:

Was the evidence sufficient to support the [trial] court's determination that [Appellant] is a sexually violent predator?

>  Whether the [trial] court's determination that [Appellant] is a sexually violent predator is against the weight of the evidence?

Appellant's Brief at 1.

Appellant's first claim challenges the trial court's determination that he should be classified as an SVP pursuant to Megan's Law.  Appellant asserts that the Commonwealth failed to present clear and convincing evidence to establish that he meets the requirements for said classification.

Where a person stands convicted of an offense listed in 42 Pa.C.S.A. § 9795.1, the trial court must order that the individual be assessed by the board.  42 Pa.C.S.A. § 9795.4(a).  After the board prepares its assessment and submits it to the Commonwealth, the court conducts a hearing at which the Commonwealth must prove by clear and convincing evidence that the individual should be designated as an SVP.  42 Pa.C.S.A. § 9795.4(e).  In this context, the clear and convincing standard means that the evidence offered in support of SVP classification must be so clear, direct, weighty, and convincing that the factfinder may arrive at a clear conclusion, without hesitation, that the SVP classification is proper.  ***Commonwealth v. Meals***, 912 A.2d 213, 219 (Pa. 2006).

Our standard of review is clear when a defendant challenges the sufficiency of the evidence offered in support of his SVP designation.  We may not weigh the evidence presented to the trial court and we may not make credibility determinations.  ***Commonwealth v. Geiter***, 929 A.2d 648,

650 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2007). Instead, we view all the evidence and its reasonable inferences in a light most favorable to the Commonwealth. **Commonwealth v. Moody**, 843 A.2d 402, 408 (Pa. Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005). We will disturb an SVP designation only where the Commonwealth did not present clear and convincing evidence to enable the court to find each element required by the SVP statute. **Id**.

Expert reports, as well as expert testimony, may constitute substantive evidence which establishes the statutory prerequisites for SVP classification. **Meals**, 912 A.2d at 223. In addition, although a defendant may refute such evidence by contesting its credibility or reliability before the court, such challenges are directed to the weight, not the sufficiency, of the Commonwealth's case. **Id**. at 224. Thus, they do not affect our sufficiency analysis. **Commonwealth v. Feucht**, 955 A.2d 377, 380-382 (Pa. Super. 2008), *appeal denied*, 963 A.2d 467 (Pa. 2008).

The Pennsylvania Legislature has defined the SVP classification as follows:

> A person who has been convicted of a sexually violent offense as set forth in [42 Pa.C.S.A. §] 9795.1 (relating to registration) and who is determined to be a sexually violent predator under [42 Pa.C.S.A. §] 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

42 Pa.C.S.A. § 9792. There is no dispute in this case that Appellant has been convicted of a qualifying offense which satisfies the first element of the SVP designation under § 9792. The issue in this case is whether the Commonwealth adduced clear and convincing evidence to establish that Appellant qualified as a sexually violent predator under § 9795.4 due to a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses.

Section 9795.4 sets forth the following assessment factors:

**(b) Assessment.**

Upon receipt from the court of an order for an assessment, a member of the board as designated by the administrative officer of the board shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

    (i)    whether the offense involved multiple victims;

    (ii)    whether the individual exceeded the means necessary to achieve the offense;

    (iii)    the nature of the sexual contact with the victim;

    (iv)    relationship of the individual to the victim;

    (v)    age of the victim;

> > > (vi)   whether the offense included a display of unusual cruelty by the individual during the commission of the crime;
> >
> > > (vii)  the mental capacity of the victim.
> >
> > (2) Prior offense history, including:
> >
> > > (i)    the individual's prior criminal record;
> >
> > > (ii)   whether the individual completed any prior sentences;
> >
> > > (iii)  whether the individual participated in available programs for sexual offenders.
> >
> > (3) Characteristics of the individual, including:
> >
> > > (i)    age of the individual;
> >
> > > (ii)   use of illegal drugs by the individual;
> >
> > > (iii)  any mental illness, mental disability or mental abnormality;
> >
> > > (iv)   behavioral characteristics that contribute to the individual's conduct.
> >
> > (4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9795.4.

With respect to these assessment factors, there is no statutory requirement that all of them, or any particular set of them, need be present in order to support an SVP designation. **Meals**, 912 A.2d at 220-223. The factors are not a checklist, with each one demonstrating in some fashion that an SVP classification has, or has not, been established. **Id.** at 222. Rather, the presence or absence of one or more factors may simply suggest the presence or absence of one or more particular types of mental

abnormalities. *See id.* at 221. For this reason, although the board must examine all the factors listed under § 9795.4, the Commonwealth need not show that any one factor is present, or absent, in a particular case. *Id.*

Finally, under Megan's Law, a mental abnormality is defined as a "congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." 42 Pa.C.S.A. § 9792. Moreover, a sexually violent offense is considered predatory in nature if it is "directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.* Again, the central inquiry for the trial court in this case, as in every case, is whether the Commonwealth's evidence, including the board's assessment, shows that an individual who has been convicted of a qualifying offense suffers from a mental abnormality or disorder which makes that person likely to engage in predatory sexually violent offenses. 42 Pa.C.S.A. § 9792.

To establish that Appellant qualified for SVP designation under Megan's Law, the Commonwealth relied upon the assessment report prepared by Dr. Pass, a member of the board, together with Dr. Pass' testimony at the SVP hearing. Appellant stipulated that Dr. Pass qualified as an expert in forensic psychiatry. In addition, Dr. Pass identified the documents that he received

and reviewed in preparing the opinions he offered in this case, including the SOAB informed consent form, various investigative reports, the criminal information filed against Appellant, correspondence from Appellant's counsel, and Appellant's criminal offense history. Dr. Pass also interviewed Appellant as part of his assessment. The report and testimony offered by Dr. Pass referred to the factors specified in § 9795.4 and provided his analysis and commentary as to how he evaluated Appellant's background information, including the facts pertaining to the present offenses, in light of each factor enumerated in the statute. Counsel for Appellant had an opportunity to cross-examine Dr. Pass at the SVP hearing.

Based on his assessment of Appellant, Dr. Pass determined that Appellant met the criteria for paraphilia not otherwise specified.[2] Dr. Pass also concluded that Appellant had engaged in predatory behavior as defined by Megan's Law because he targeted multiple victims over an extended

_____

[2] Paraphilia not otherwise specified is coded in the DSM-IV under classification code 302.9. The "DSM-IV" is a manual used for the diagnosis and classification of mental disorders. Elaborating upon his conclusion that Appellant met the classification for paraphilia not otherwise specified, Dr. Pass testified that the essential features in paraphilias which are associated with sexual disorders are recurrent intense sexual-arousing fantasies, sexual urges or behaviors generally involving nonhuman objects, the suffering or humiliation of one's self or one's partner or children or other nonconsenting persons that occur over a period of at least six months. This diagnostic classification is offered also if the behavior, sexual urges or fantasies cause clinically significant distress or impairment in social, occupational or other important areas of self-functioning for the defendant. N.T., 11/15/12, at 19-22.

period of time and because he initiated these relationships to promote and maintain victimization. Dr. Pass also testified that Appellant's mental abnormality made it likely that he would re-offend. Based upon his consideration of these factors, Dr. Pass concluded that Appellant qualified for SVP designation under Megan's Law.

Viewing Dr. Pass' report and expert testimony in the light most favorable to the Commonwealth, we conclude that there was clear and convincing evidence presented to the trial court in support of Appellant's SVP designation. Thus, Appellant's claim of insufficiency has no merit.

Appellant raises various contentions in his brief to support the claim that the evidence introduced at his SVP hearing was insufficient to classify him as a sexually violent predator. For example, he points out that he had no physical contact with the victims, that he initiated psychological treatment following his arrest, and that he continues in treatment now. Appellant also relies upon the findings of his expert, Dr. Gentile. These included: 1) Dr. Gentile's conclusion that Appellant did not fit the diagnosis of paraphilia not otherwise specified; 2) Dr. Gentile's conclusion that Appellant did not meet the criterion for a mental abnormality; 3) Appellant's lack of a criminal history or history of drug or alcohol abuse; 4) the absence of escalation in Appellant's offenses; and 5) the results of psychological testing which showed that Appellant possessed only a low-to-moderate risk of re-offense. Given our conclusion that the Commonwealth adduced

sufficient evidence to support Appellant's SVP designation, these arguments relate primarily to the weight and credibility of the Commonwealth's evidence and are not matters that we ordinarily entertain in a sufficiency challenge. *See Feucht*, 955 A.2d at 382-383.

Appellant also argues that the opinion of this Court in ***Commonwealth v. Krouse***, 799 A.2d 835, 840 (Pa. Super. 2002) (*en banc*), *appeal denied*, 821 A.2d 586 (Pa. 2003), authorizes us to re-assess the evidence on appellate review of an SVP designation. ***Krouse***, however, was thoroughly repudiated by our Supreme Court in ***Meals***, 912 A.2d at 222-223 (disapproving ***Krouse***, restricting "[t]he task of the Superior Court [to] one of review, and not of weighing and assessing evidence in the first instance," and observing that the panel in ***Krouse*** "stepped beyond its authority when it reweighed the evidence, giving more weight to "absent" factors than to those found and relied upon by the trial court, and ignoring the Commonwealth's expert's explanation of the relevance of the absent factors"). Hence, ***Krouse*** affords Appellant no basis for relief. For each of these reasons, Appellant's sufficiency challenge fails.

Appellant next claims that the trial court's SVP determination was against the weight of the evidence. Appellant's weight claim rests largely upon the same facts and assertions offered in support of his sufficiency challenge. Specifically, Appellant alleges that: 1) Dr. Pass' diagnosis of paraphilia not otherwise specified was vague and unreliable; 2) the SOAB

evaluation was based solely on police reports; 3) there was nothing in Appellant's history or his SOAB evaluation that supported a diagnosis of paraphilia not otherwise specified; and, 4) Dr. Gentile conducted a far more thorough forensic investigation of Appellant which concluded, credibly and reliably, that Appellant did not have a mental disorder and was not likely to re-offend. *See* Appellant's Brief at 11-14.

> Our standard of review of a weight of the evidence claim is for an abuse of discretion. Appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Indeed, it is oft-stated that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings. We discern no basis on which to distinguish our standard of review on weight claims, whether challenging the weight of the evidence to support a guilty verdict or a trial court's SVP determination. A defendant must put the issue before the trial court in the first instance because:
>
> > it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa. Super. 2011) (citations and internal quotations omitted).

After careful review, we are satisfied that the record supports the trial court's findings and that the court's legal conclusions are sound. Because we can discern no abuse of the trial court's discretion, we are without grounds to disturb the court's SVP determination. Accordingly, Appellant is not entitled to relief on his weight claim.

- 12 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2014