**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Christopher George FEUCHT,**
**Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 2008.

Filed Aug. 4, 2008.

Deanna L. Heasley, Erie, for appellant.

Robert A. Sambroak, Jr., Asst. Dist. Atty., Erie, for the Com., appellee.

BEFORE: ORIE MELVIN, ALLEN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case is a direct appeal from judgment of sentence. Appellant claims there was insufficient evidence to support his classification as a sexually violent predator ("SVP"). Additionally, he seeks permission to appeal the discretionary aspects of sentence. In this latter claim, Appellant contends the court abused its discretion by imposing a sentence that was outside the sentencing guidelines and unreasonable. We affirm.

### *Facts*

¶ 2 Appellant was charged with various sex crimes, including indecent assault under 18 Pa.C.S.A. § 3126(a)(7). The information alleged that, from on or about 2004 through March 2006, he engaged in indecent contact with Victim, who was under thirteen years of age. Victim was Appellant's stepdaughter.

¶ 3 The information also charged Appellant with endangering the welfare of children ("EWOC") under 18 Pa.C.S.A. § 4304(a), (b) by, *inter alia*, committing the aforesaid indecent assault.

¶ 4 Appellant pled guilty to indecent assault as a first-degree misdemeanor and EWOC as a third-degree felony. During sentencing, Appellant's counsel spoke at some length on Appellant's behalf, addressing such facts and issues as Appellant's acceptance of responsibility, letters of support submitted on his behalf, his age, work history and lack of criminal record, his struggles with depression and alcoholism, and his willingness to engage in sex-offender treatment. Appellant also addressed the court, apologizing for his actions.

¶ 5 The court entertained the Commonwealth's recommendations as to sentence and, further, accepted statements from Victim's mother, who spoke of Victim's academic, physical and emotional problems following the incidents in question.

¶ 6 For EWOC, the upper end of the standard range of Appellant's sentencing guidelines was twelve months. On that count, the court imposed a sentence of not less than twelve and not more than sixty months' imprisonment. For indecent assault, Appellant's minimum incarceration term in the aggravated range of the guidelines was twelve months. On that charge, the court departed from the guidelines and imposed imprisonment of not less than twenty-four and not more than sixty months. The court made the sentences consecutive.

¶ 7 Prior to sentencing, the court had ordered the State Sexual Offenders Assessment Board ("the Board") to prepare an assessment to determine if Appellant should be classified an SVP, and the Board did so. Thereafter, at the sentencing/SVP hearing, the court received evidence on the SVP issue, including a report and testimony from a Board representative. The court ultimately designated Appellant an SVP.

---

* Retired Senior Judge assigned to the Superior Court.

¶ 8 Appellant filed post-sentence motions challenging the SVP determination and the discretionary aspects of his sentence. The court denied the motions; Appellant filed this timely appeal.

### *SVP: Sufficiency*

¶ 9 *SVP Designation.* A brief review of the SVP process will be helpful. If a person is convicted of one or more of the sexually violent offenses set forth in 42 Pa.C.S.A. § 9795.1, the court shall order the individual to be assessed by the Board. 42 Pa.C.S.A. § 9795.4(a). In accordance with the time limits set forth in Section 9795.4, the Board then prepares an assessment report and submits it to the Commonwealth. *Id.* at (b), (d). Upon praecipe from the Commonwealth, the court holds a hearing at which the Commonwealth must prove by clear and convincing evidence that the SVP designation is appropriate. *Id.* at (e). The clear and convincing standard means the evidence was so clear, direct, weighty, and convincing that the trier of fact could come to a clear conviction, without hesitating, concerning the facts at issue. *Commonwealth v. Meals,* 590 Pa. 110, 912 A.2d 213, 219 (2006).

¶ 10 The Legislature has defined an SVP in the following way:

A person who has been convicted of a sexually violent offense as set forth in [42 Pa.C.S.A. § ]9795.1 (relating to registration) and who is determined to be a sexually violent predator under [42 Pa. C.S.A. § ]9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

42 Pa.C.S.A. § 9792.

Among the sexually violent offenses falling under 42 Pa.C.S.A. § 9795.1 is indecent assault under 18 Pa.C.S.A. § 3126(a)(7).

¶ 11 Under Section 9795.4, the factors relating to assessments are discussed as follows:

**(b) Assessment.**—Upon receipt from the court of an order for an assessment, a member of the [B]oard as designated by the administrative officer of the [B]oard shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The [B]oard shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not be limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age of the individual.

(ii) Use of illegal drugs by the individual.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

¶ 12 A mental abnormality is a "congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." 42 Pa.C.S.A. § 9792.

¶ 13 A sexually violent offense is a predatory one if it is "directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.*

¶ 14 In light of the foregoing definitions, it does not suffice, for an SVP classification, that a person be convicted of a sexually violent offense and merely have a mental abnormality—*i.e.*, a condition predisposing the person to criminal sexual acts so as to menace the health and safety of others. Rather, the mental abnormality must be one that, in particular, makes the person likely to engage in **predatory** sexually violent offenses. 42 Pa.C.S.A. § 9792.

¶ 15 We note as well the following. In order for a person to be designated an SVP, the crime committed in the case under consideration need not have been predatory, although it must have been a sexually violent one. *Commonwealth v. Fletcher,* 947 A.2d 776, 776 (Pa.Super.2008). Rather, what is required is that the person's mental abnormality makes the person likely to engage in predatory be-

havior, whether or not the offense at issue was predatory. *Id.* Naturally, the facts of the instant offense are material to the SVP assessment. *See* 42 Pa.C.S.A. § 9795.4(b). However, there simply is no requirement that the charge under consideration be a predatory offense. *Fletcher,* 947 A.2d at 776.

¶ 16 Also, with regard to the various assessment factors listed in Section 9795.4, there is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. *Meals,* 912 A.2d at 220–23. The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation. *Id.* at 222. Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities. *See id.* at 221.

¶ 17 Thus, while the Board is to examine all the factors listed under Section 9795.4, the Commonwealth does not have to show that any certain factor is present or absent in a particular case. *Meals,* 912 A.2d at 221. Rather, the question for the SVP court is whether the Commonwealth's evidence, including the Board's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses. 42 Pa.C.S.A. § 9792. Having conducted a hearing and considered the evidence presented to it, the court then decides whether a defendant is to be designated an SVP and thus made subject to the registration requirements of 42 Pa. C.S.A. § 9795.1(b)(3).

¶ 18 *Appellate Review.* If a person appeals an SVP designation and contends the evidence supporting that designation was insufficient, our standard of

review is clear. We do not weigh the evidence presented to the sentencing court and do not make credibility determinations. *Commonwealth v. Geiter,* 929 A.2d 648, 650 (Pa.Super.2007). Instead, we view all the evidence and its reasonable inferences in a light most favorable to the Commonwealth. *Fletcher,* 947 A.2d at 776. We will disturb an SVP designation only if the Commonwealth did not present clear and convincing evidence to enable the court to find each element required by the SVP statutes. *Id.*

¶ 19 We keep in mind that a Board report or opinion that the individual has an abnormality indicating the likelihood of predatory sexually violent offenses is itself evidence. *Meals,* 912 A.2d at 223. Also, while a defendant is surely entitled to challenge such evidence by contesting its credibility or reliability before the SVP court, such efforts affect the weight, not the sufficiency of the Commonwealth's case. *Id.* at 224. Accordingly, they do not affect our sufficiency analysis.

¶ 20 *Analysis.* Appellant was convicted of indecent assault under 18 Pa. C.S.A. § 3126(a)(7), a sexually violent offense. Pursuant to court order, the Board assessed Appellant, prepared a report and submitted it to the Commonwealth. Upon praecipe by the Commonwealth, the court conducted a hearing to determine if Appellant should be a designated an SVP.

¶ 21 At the SVP hearing, the Board member who testified for the Commonwealth was accepted by the court as an expert in the field of sexual offender assessment. The testimony largely relayed the information and opinion contained in the assessment report, which itself was offered into evidence. The report listed each of the factors specified in 42 Pa. C.S.A. § 9795.4 and provided comments thereon, although the report indicated the assessing Board member did not receive information regarding illegal drug use by Appellant, the factor enumerated at 42 Pa.C.S.A. § 9795.4(b)(3)(ii). The Commonwealth did not introduce any evidence of such drug use at the hearing.[1]

¶ 22 The Board member indicated Appellant suffers from pedophilia and his mental disorder makes him likely to engage in predatory sexually violent offenses as defined by statute. As such, the Board member opined that Appellant met the SVP criteria.

¶ 23 Viewing the aforesaid report and testimony in the light most favorable to the Commonwealth, it was sufficient for the court to find by clear and convincing evidence that Appellant be designated an SVP. Accordingly, Appellant's claim has no merit.

¶ 24 Before leaving the sufficiency issue, we note the following. In his brief, Appellant raises various contentions. For example, he cites his own expert's testimony indicating he should not be classified an SVP. Appellant also contends various factors under § 9795.4 were not present in this case and/or otherwise militated in his favor. He points to his cross examination of the Board member to demonstrate infirmities in her testimony. Appellant also suggests the Board member gleaned her facts, at least in part, from Childline records. He contends she should have relied, instead, on the preliminary hearing testimony. The aforesaid arguments relate primarily to the weight and credibility of the Commonwealth's evidence. These are

---

1. The report also asserted the Board member had not received information concerning Appellant's mental health (factor (b)(3)(iii) of § 9795.4), but the report then indicated Appellant did report issues of depression.

matters we do not address on a sufficiency appeal. Thus, they warrant no relief.

¶ 25 Appellant also contends the Board member failed to offer an opinion that Appellant was likely to engage in predatory sexually violent offenses. This argument does relate to sufficiency, but Appellant's contention is factually incorrect. Although the Board member's direct testimony did arguably fail to address this requirement, she did offer sufficient testimony on cross examination. Also, the assessment report, which was offered as evidence, stated Appellant had the required likelihood.

¶ 26 In sum, we find the Commonwealth offered sufficient evidence to support the SVP designation. Appellant's claim to the contrary fails.

### Discretionary Aspects of Sentence

 ¶ 27 *Sentencing Factors.* When imposing a sentence, a court must consider the factors set forth in 42 Pa.C.S.A. § 9721(b). Specifically, the court shall consider the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines. *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957, 962–63 (2007); 42 Pa.C.S.A. § 9721(b). As to the guidelines, they are advisory, not binding on the court. *Walls*, 926 A.2d at 962–63. Nevertheless, if the court sentences a defendant outside those guidelines, the court must provide a contemporaneous written statement setting forth its reasons for the deviation therefrom. *Id.*; 42 Pa.C.S.A. § 9721(b). A court can meet the requirement of a contemporaneous written statement by placing its reasons for departure on the record during sentencing. *Commonwealth v. Littlehales*, 915 A.2d 662, 666 (Pa.Super.2007).

¶ 28 Additionally, whether or not there is a departure from the guidelines, a court imposing sentence for a felony or misdemeanor shall make part of the record, and disclose in open court during sentencing, a statement of the reasons for the sentence. 42 Pa.C.S.A. § 9721(b). The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). *Commonwealth v. Cappellini*, 456 Pa.Super. 498, 690 A.2d 1220, 1226 (1997). However, the record as a whole must reflect due consideration by the court of the statutory considerations. *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super.2006).

 ¶ 29 *Preserving Challenges to Discretionary Aspects of Sentencing.* To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion. *Malovich*, 903 A.2d at 1251; *see* Pa.R.Crim.P. 720 (discussing time limits for filing post-sentence motions).

 ¶ 30 *Petition to Appeal the Discretionary Aspects of Sentence.* Even when issues of discretionary sentencing are properly preserved, an appellant has no absolute right to appeal those issues to this Court but, rather, must petition us for permission to do so. *Malovich*, 903 A.2d at 1250; 42 Pa.C.S.A. § 9781(b). To that end, the appellant must present, as part of the appellate brief, a concise statement of reasons relied upon for allowance of appeal. *Malovich*, 903 A.2d at 1250; Pa. R.A.P. 2119(f). The statement must persuade us there exists a substantial question that the sentence is inappropriate under the Sentencing Code. *Malovich*, 903 A.2d at 1250; 42 Pa.C.S.A. § 9781(b).

 ¶ 31 To convince us a substantial question exists, an appellant needs to ad-

vance a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code or violated a fundamental norm of the sentencing process. *Malovich,* 903 A.2d at 1252. More specifically, the statement must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the Code and/or what fundamental norm was violated, and explain how and why the sentencing court violated that particular provision and/or norm. *Commonwealth v. Goggins,* 748 A.2d 721, 727 (Pa.Super.2000).

¶ 32 Because we focus on the issues articulated by the appellant, it is not necessary that the statement of reasons provide elaborate factual or procedural details. *Id.* Even still, we are not persuaded by bald assertions or non-specific claims of error in a concise statement. *Malovich,* 903 A.2d at 1252. Instead, a concise statement must state the way in which the penalty imposed is inappropriate. *Id.*

■■■ ¶ 33 In any event, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented in the concise statement actually form a substantial question concerning the propriety of the sentence. *Id.* Thus, we do not include or exclude any entire class of issues as being or not being substantial. *Id.* Rather, we evaluate each claim based on the particulars of its own concise statement. *Id.*

¶ 34 *Merits of Sentencing Claims.* If an appellant's statement of reasons relied upon for allowance of appeal convinces us the case involves a substantial question, then we will permit the appeal and will evaluate the merits of the appellant's sentencing arguments. *Id.* Of course, we will only evaluate substantive claims that were relied upon in the concise statement.

*Commonwealth v. Flores,* 921 A.2d 517, 523 (Pa.Super.2007)

¶ 35 When we do evaluate the substance of a claim, we adhere to the following statutory provisions:

**(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

¶ 36 Thus, in a case that involves Section 9781(c)(3), this Court is to exercise its judgment to assess whether the sentencing court's guideline departure was unreasonable. The Supreme Court's decision in *Walls* provides guidance as to how we are to make such an assessment. Specifically, we determine whether the sentencing court complied with Section 9721(b) by considering the factors listed in that statute. *Walls,* 926 A.2d at 964. Also, as we consider the sentencing court's actions, our analysis must have regard for the following items under 42 Pa.C.S.A. § 9781(d), some of which resemble the Section 9721(b) factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

■ ¶ 37 Finally, our assessment of whether a sentence should be vacated is not a question of what sentence we would have imposed. *Walls,* 926 A.2d at 961. Rather, we decide only whether the sentencing court abused its discretion in selecting a penalty. *Id.* Absent an abuse of discretion, we leave the sentence undisturbed. *Id.* Moreover, an abuse of discretion is not merely an error in judgment. *Id.* Instead, it involves bias, partiality, prejudice, ill will, manifest unreasonableness, a misapplication of law, or such lack of support as to be clearly erroneous. *Id.;* *Commonwealth v. Carroll,* 936 A.2d 1148, 1153 (Pa.Super.2007).

■ ¶ 38 *Analysis.* Appellant's postsentence motions preserved the claims he seeks to pursue. His brief requests permission to appeal and contains a statement of reason relief upon for that request. The statement asserts the court sentenced him above the sentencing guidelines. In making this assertion, Appellant sets forth the applicable guidelines and cites the sentence imposed by the court.[2] He then contends the court's upward departure was unreasonable, in specific violation of 42 Pa.C.S.A. § 9781(c)(3). Moreover, he claims the departure was unreasonable in

light of Appellant's lack of criminal record, his assumption of responsibility, and his previous rehabilitative success.[3]

¶ 39 Appellant's statement of reasons persuades us a substantial question concerning the propriety of his sentence exists. Accordingly, we grant him permission to appeal and will evaluate the merits of his claims.

¶ 40 Appellant is correct that his sentence for indecent assault exceeded the guidelines. However, his remaining assertions have no merit. As mentioned *supra,* Appellant's counsel made numerous remarks on Appellant's behalf during sentencing. Those remarks indicated Appellant acknowledged his wrongdoing, took responsibility and was remorseful. Counsel also cited Appellant's participation in alcohol rehabilitation and his lack of a criminal record. The sentencing court then specifically stated on the record that it considered counsel's remarks. Additionally, the court reiterated that Appellant was admitting to the crimes and had no criminal history. Also, the court mentioned it took into account Appellant's rehabilitative potential. We *note* as well that the court's comments evidenced its consideration of the impact of the crime on Victim and the need for protection of the community as required by 42 Pa.C.S.A. § 9721(b).

¶ 41 Furthermore, the court set forth a specific explanation for its upward departure from the guidelines. In particular, although Appellant was convicted of one count of indecent assault, that one count

---

**2.** In *Goggins,* this Court indicated that, although the concise statement must specify where the sentence fell in relation to the guidelines, it was not mandatory that an appellant specify the exact sentence imposed. *Id.* at 727. Nevertheless, Appellant's specification of the penalty he received is helpful to this Court.

**3.** This claim of rehabilitative success relates not to prior criminal sanctions but to participation in alcohol rehabilitation. Appellant's statement of the case cites to the portion of the sentencing transcript indicating he underwent such rehabilitation.

encompassed repeated incidents in an ongoing course of conduct over an extended period of time. In this same vein, the court made mention of testimony from Victim's mother indicating the continuing course of conduct resulted in great suffering for Victim. The court then determined the continuing nature of the repeated incidents was a basis for an upward departure from the guidelines.

¶ 42 It is clear that the court considered the sentencing factors under Section 9721(b) and the guidelines. Additionally, having reviewed the sentencing court's actions and explanation in light of the offense at issue, Appellant's history and characteristics, and the court's significant opportunity to observe Appellant during his plea and sentencing, we find nothing unreasonable in the court's departure from the guidelines. There is no evidence of bias, prejudice, partiality, ill will, manifest unreasonableness or legal error. As such, we find no abuse of discretion and will not disturb the sentence.

¶ 43 For all the foregoing reasons, Appellant's claims fail and we affirm the judgment of sentence.

¶ 44 Judgment of sentence affirmed.