J-S01007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIAN TOULIQUE SIMMONS-WALTON | : | |
| | : | |
| | : | No. 1440 MDA 2018 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered July 24, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0001114-2017,
CP-35-CR-0001126-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JUNE 28, 2019**

Darian Toulique Simmons-Walton appeals from the judgment of sentence entered on July 24, 2018 in the Lackawanna County Court of Common Pleas. Specifically, Appellant challenges the discretionary aspects of his sentence. After careful review, we quash this appeal.

In light of our disposition, a complete recitation of the factual and procedural history is unnecessary. Relevant for our purposes, on March 27, 2018 Appellant pled guilty under CP-35-CR-0001114-2017 to one count each of possession with intent to deliver (PWID), aggravated assault, and resisting arrest. At the same time, Appellant pled guilty under CP-35-CR-0001126-2017 to default in required appearance.

_____

* Retired Senior Judge assigned to the Superior Court.

On July 24, 2018, under CP-35-CR-0001114-2017, Appellant was sentenced to twenty one to forty eight months' incarceration followed by two years of probation for PWID, sixty to one hundred and twenty months' incarceration followed by two years of probation for aggravated assault, and two years of probation for resisting arrest. Additionally, under CP-35-CR-0001126-2017, he was sentenced to two years of probation for default in required appearance. All sentences were to run consecutively for an aggregate sentence of eighty-one to one hundred and sixty eight months' incarceration followed by eight years of probation.

Before we reach the issues presented by Appellant on appeal, we must first address the fact that Appellant filed a single notice of appeal raising issues that relate to two docket numbers.

The Pennsylvania Supreme Court has held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018). The Court explained, "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" and "[t]he failure to do so requires the appellate court to quash the appeal." **Id.,** at 976-977; **See also** Pa.R.A.P. 341, Official Note.

However, the Court in **Walker** declined to apply the rule to the case before it, because to do so would run "contrary to decades of case law from [the Pennsylvania Supreme Court] and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom

quashed appeals as a result." *Id.* Thus, the Supreme Court instructed that in all *future* cases, a failure to file a notice of appeal for each lower court docket will result in quashal of the appeal. *See id*., at 977.

On October 19, 2018, this Court issued an order directing Appellant to show cause why the appeal should not be quashed pursuant to *Walker*. Appellant filed a counseled response. In his response, Appellant argued the present case is distinguishable from *Walker* for the following reasons:

a. The present matter involves one defendant and not multiple parties;

b. In the present matter, the cases were consolidated for the purpose of both litigation, plea and sentencing;

c. The evidence under evaluation, the sentencing court's reasons for the sentences imposed, along with the sentences imposed, do not require individualized arguments;

d. The Appellee has raised no objection to the improper procedure;

e. The Appellee would suffer no prejudice if this Court addressed this appeal as a result;

f. The period of time in which to file an appeal has run, such that Appellant would be denied timely appellate review;

g. The mandates of judicial economy would be served if this Court considers the present appeal;

h. The Walker decision involved a single appeal by the Commonwealth of a suppression order involving several defendants filed under separate dockets; and

i. The Walker decision is contrary decades of case law from our appellate courts which seldom quashed appeals where multiple appeals were not filed.

Appellant's Response to Rule to Shower Cause, 10/23/2018, at 2. By order entered November 9, 2018, this Court discharged its rule to show cause and referred the matter to the merits panel.

We are unable to agree with any of Appellant's proffered grounds to forgo quashal. The Supreme Court did not carve out any exceptions to the holding in **Walker** after June 1, 2018, and we have no authority to do so. Therefore, consolidated treatment of separately docketed cases does not constitute a reason to distinguish **Walker**. Further, Appellant's response seems to attempt to reconcile the present circumstances with case law prior to **Walker**, which is not controlling[1]. Finally, this Court has recently explicitly rejected Appellant's arguments. **See Commonwealth v. Nichols**, ___ A.3d ___, 2019 WL 1783645, *1 (Pa. Super., filed April 24, 2019) (rejecting arguments that quashal was not required because (1) each docket had identical issues, (2) Commonwealth did not object, (3) quashal would deny appellate review, and (4) quashal was contrary to long-standing case law).

_____

[1] Appellant's response seems to make an argument for an exception under the holding of **General Electric Credit Corporation v. Aetna Casualty and Surety Company**, 263 A.2d 448 (Pa. 1970) (holding quashal unnecessary where a single notice of appeal applies to multiple orders when (1) the issues raised are "substantially identical," (2) the appellee raised no objection, and (3) the time to file an appeal has expired). However, the holding in **Walker** was explicitly made to be prospective. Accordingly, Appellant's notice of appeal, filed after June 1, 2018, would be controlled by **Walker.**

Here, it is undisputed that Appellant filed a single notice of appeal, listing both trial court docket numbers at issue. Because he filed this notice after June 1, 2018, we are constrained to quash this appeal.[2]

Appeal quashed. Jurisdiction relinquished.

Judge Murray join the memorandum.

Judge Pellegrini notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019

---

[2] Although we are constrained to quash this appeal, we note Appellant's issues are nevertheless without merit. Appellant's first issue is waived as he failed to preserve it either during sentencing or in his post-sentence motion. *See* ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa. Super. 2008) ("To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion"). Further, Appellant's second issue is waived as he fails to address how the issue presents a substantial question in his Rule 2119 statement. *See* ***Commonwealth v. Diehl***, 140 A.3d 34, 45 (Pa. Super. 2016) ("[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists").