J-S09009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL W. DARGAN | : | |
| | : | |
| Appellant | : | No. 1061 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002511-2019

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                           Filed: April 30, 2021

Appellant, Michael W. Dargan, appeals from the judgment of sentence entered on December 5, 2019, as made final by the denial of Appellant's post-sentence motion on February 26, 2020.  We affirm.

The trial court ably summarized the underlying facts of this case:

> On March 7, 2019, at about 10:52 a.m., Mr. Mark Sabaj was driving to work on 1-76 in Philadelphia heavy traffic and while in the left lane of the highway he noticed two vans, a black one and a white one, traveling in the opposite lanes of travel. The driver of the white van, Appellant herein, seemed to be driving aggressively and he pulled his vehicle in front of the black van which was being driven by [M.J.S. (hereinafter "the Victim")].  The drivers of the vans then pulled onto the shoulder and the [Victim] . . . exited his vehicle and walked to the front of his van where he stopped just ahead of it. Appellant also exited his van and aggressively began walking toward the [Victim].
>
> When Appellant reached the [Victim], whose hands were at his side, Appellant suddenly punched the [Victim] twice on both sides of his head, knocking him to the ground.  Sabaj

did not observe the men say anything to one another before Appellant struck the [Victim] and described the two punches Appellant threw as "sucker" punches.

[Sabaj] then saw [Appellant] return to his van and drive away. Sabaj pulled his vehicle onto the shoulder and climbed over the median to see what happened to the [Victim]. At the time, the [Victim] appeared to be having seizures and had blood coming out of his mouth. [Sabaj] took off his jacket and put it under the [Victim's] head. He also called 911. Although the [Victim] eventually gained consciousness and stood up, he appeared to be in a daze. EMTs arrived soon thereafter and tended to the [Victim].

The [Victim] could not recall the incident. He spent three weeks in a hospital and was unconscious for periods of time while being treated for a cerebral concussion, diffuse axonal brain injury, and epileptic seizures. The [Victim] had not suffered from seizures prior to the incident. As a result of the incident, the [Victim] could no longer work or drive. He also is required to take seizure medicine for the foreseeable future.

Trial Court Opinion, 8/13/20, at 1-2.

Following a bench trial, the trial court found Appellant guilty of aggravated assault, simple assault, recklessly endangering another person, and disorderly conduct.[1] On December 5, 2019, the trial court sentenced Appellant to serve five to ten years in prison, followed by five years of probation, for his convictions. N.T. Sentencing, 12/5/19, at 12-13.

On December 9, 2019, Appellant filed a post-sentence motion. Within this motion, Appellant claimed that the evidence was insufficient to support his aggravated assault and recklessly endangering another person convictions because there was no evidence that he "intended to cause serious bodily injury

_____

[1] 18 Pa.C.S.A. §§ 2702(a), 2701(a), 2705, and 5503(a)(1), respectively.

or that he recklessly caused serious [sic] where he and the [Victim] approached each other and while face to face [Appellant] punched [the Victim] twice." Appellant's Post-Sentence Motion, 12/9/19, at 1 (some capitalization omitted); *see also Commonwealth v. Foster*, 33 A.3d 632, 634-635 (Pa. Super. 2011) ("[a] motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge") (quotations and citations omitted).

The trial court denied Appellant's post-sentence motion on February 26, 2020 and Appellant filed a timely notice of appeal. Appellant raises two claims on appeal:

> 1. Whether Appellant's conviction for aggravated assault was against the weight of the evidence?
>
> 2. Whether the sentencing court abused its discretion when it sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable?

Appellant's Brief at 4.

Appellant did not raise either his weight of the evidence or his discretionary aspects of sentencing claim before the trial court; as a result, both of Appellant's claims on appeal are waived. *See Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014) ("[a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve

the claim will result in waiver, even if the trial court addresses the issue in its opinion") (quotations and citations omitted); ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa. Super. 2008) ("[t]o preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion").

Judgment of sentence affirmed. Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/30/21*