J-S25024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER BOYER | : | |
| | : | |
| Appellant | : | No. 3186 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 29, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001183-2023

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 8, 2025**

Appellant, Christopher Boyer, appeals from the October 29, 2024 judgment of sentence entered in the Northampton County Court of Common Pleas, following his guilty plea to Possession of Child Pornography. Appellant challenges the court's designation of him as a Sexually Violent Predator ("SVP"). After careful consideration, we affirm.

On April 1, 2024, Appellant pled guilty to five counts of Sexual Abuse of Children—Possession of Child Pornography.[1] The court deferred sentencing to permit, *inter alia*, the Sexual Offenders Assessment Board ("SOAB") to evaluate whether Appellant should be classified as an SVP.

On October 29, 2024, the trial court held a sentencing and SVP assessment hearing at which it sentenced Appellant to five to ten years of

---

[1] 18 Pa.C.S. § 6312(d). The underlying facts of the Possession of Child Pornography counts are not relevant to Appellant's challenge on appeal.

incarceration at each count, to be served concurrently, to be followed by three years of probation. Additionally, Dr. Veronique Valliere, a SOAB member and expert in the assessment of adult sexual offenders, testified and provided her report, concluding that Appellant met the criteria for classification as an SVP to a reasonable degree of professional certainty.[2] N.T. Sent'g, 10/29/24, at 14.

The court found Dr. Valliere's report and testimony "to be both credible and persuasive." Trial Ct. Op., 1/7/25, at 2. The court summarized her testimony supporting its conclusion that Appellant "has a mental abnormality that makes him likely to engage in predatory sexually violent offenses" as required for an SVP designation:

> In finding that [Appellant] has a pedophilic disorder, Dr. Valliere relied in part upon the fact that [Appellant] was convicted in this case of possession of pornographic materials depicting prepubescent girls. In addition, she relied upon [Appellant's] interview with law enforcement, in which he described "preferring to look at 8- to 12-year-old children because he loved their peach fuzz, which clearly shows a deviant arousal to children without secondary sex characteristics."

*Id.* at 2-3 (internal citations omitted); N.T. Sent'g at 16-17.

Relevant to Appellant's challenge on appeal, the court noted that while the above information "alone would be sufficient" to find a "mental abnormality," Dr. Valliere additionally testified "that [Appellant had] a prior indication of abuse from child protective services in 2002, as a result of

_____

[2] Appellant stipulated that Dr. Valliere qualified as an expert. N.T. Sent'g at 7.

conduct involving a prepubescent girl who was the daughter of his paramour, wherein he 'went into the bedroom, took her panties off, and rubbed his penis against her bare buttocks.'" *Id.* at 3 (quoting N.T. Sent'g at 18). "Dr. Valliere opined that such conduct 'shows that not only does [Appellant] like looking and fantasizing and masturbating to these images, he is capable of overriding the behavioral boundaries and create a predatory relationship.'" *Id.* (quoting N.T. Sent'g at 19).[3]

At the conclusion of the hearing, the court found that Dr. Valliere's testimony and report provided the requisite clear and convincing evidence that Appellant should be designated an SVP. Applying the statutory criteria for an SVP designation, the court found that (1) Appellant's conviction of Sexual Abuse of Children, 18 Pa.C.S. § 6312, constitutes a "sexually violent offense[,]" and (2) that Appellant suffered from pedophilic disorder[4] which is "a mental abnormality that makes him likely to engage in predatory sexually

_____

[3] While not highlighted by the trial court, Dr. Valliere additionally recounted Appellant's thirty-year criminal history, involving "different types of crimes[,]" as well as "parole revocations and violations." N.T. Sent'g at 20. The expert noted that this history "reflects that he has significant antisocial traits which makes him noncompliant with the laws and rules of society." *Id.* She continued, "[the] antisocial traits in combination with deviant sexual arousal are very concerning." *Id.*

[4] Dr. Valliere defined pedophilic disorder as "a deviant sexual arousal lasting more than six months to children without secondary sex characteristics, exhibited by thoughts, urges, behaviors, or fantasies of these children, which contributes to the victimization or contributes to a significant disruption in the individual's life, like a criminal conviction." Trial Ct. Op. at 2-3 (quoting N.T. Sent'g at 16-17).

violent offenses[.]" Trial Ct. Op. at 2; 42 Pa.C.S. § 9799.12.[5] Relevantly, the

court stated that, while the information relating to the 2002 incident "was not

essential to a finding that [Appellant] is a sexually violent predator, it clearly

supported Dr. Valliere's expert opinion that he does have the 'mental

abnormality' of pedophilic disorder." *Id.* at 3.

On November 25, 2024, Appellant filed a timely notice of appeal.

Appellant and the trial court complied with Pa.R.A.P. 1925.[6]

Appellant raises the following question on appeal:

> Is a claim that there was insufficient evidence to deem the
> Appellant a sexually violent predator merited?

Appellant's Br. at 5.

"A challenge to a trial court's SVP designation presents a challenge to

the sufficiency of the evidence for which our standard of review is *de novo* and

our scope of review is plenary." *Commonwealth v. Aumick*, 297 A.3d 770,

776 (Pa. Super. 2023) (*en banc*). We review the record in a "light most

favorable to the Commonwealth" as verdict winner. *Id.* We will reverse a

---

[5] The trial court cited to the relevant provisions of Subchapter I of SORNA, 42 Pa.C.S. §§ 9799.51-9799.75, which is applicable to offenders whose offense occurred prior to December 2012, rather than Subchapter H, 42 Pa.C.S. §§ 9799.10-9799.42, applicable to Appellant, who committed his offenses after December 2012. The incorrect citations, however, do not affect the trial court's cogent analysis of the issue Appellant raised on appeal.

[6] Appellant filed his Rule 1925(b) statement late. Nevertheless, as "the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal[,]" we decline to find waiver based upon the untimely statement. *Commonwealth v. Baker*, 311 A.3d 12, 17–18 (Pa. Super. 2024) (citation omitted).

court's SVP determination "only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." *Id.* at 776–77 (citation omitted). "The clear and convincing standard means the evidence was so clear, direct, weighty, and convincing that the trier of fact could come to a clear conviction, without hesitating, concerning the facts at issue." *Commonwealth v. Feucht*, 955 A.2d 377, 380 (Pa. Super. 2008) (citation omitted).

The General Assembly mandated that trial courts order an SVP assessment by a SOAB member for any defendant convicted of a "sexually violent offense[,]" including Sexual Abuse of Children-Child Pornography. 42 Pa.C.S. §§ 9799.24(a), 9799.12 (defining "sexually violent offense" as an offense specified in section 9799.14, which includes 18 Pa.C.S. § 6312(d)). Following the SOAB's assessment and the Commonwealth's praecipe, the trial court shall schedule a hearing to determine whether the defendant is an SVP. 42 Pa.C.S. § 9799.24(e).

For an SVP designation, the Commonwealth must prove that the defendant "committed a sexually violent offense" and has "a mental abnormality . . . that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12. A "mental abnormality" is a "congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id*. A "predatory sexually

- 5 -

violent offense" is an offense specified in Section 9799.14 that is "directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." ***Id.***

Section 9799.24 sets forth the SOAB's SVP assessment process, during which the SOAB member must consider fourteen factors addressing the following four categories of information: the facts of the current offense; the defendant's prior offense history; the characteristics of the defendant; and "[f]actors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense." ***Id.*** at § 9799.24(b). To assist the SOAB member's assessment, the General Assembly required that "[a]ll [s]tate, county and local agencies, offices and entities in this Commonwealth, including juvenile probation officers, shall cooperate by providing copies of records and information as requested by the board in connection with the court-ordered assessment[.]" ***Id.*** at § 9799.24(c).

Consistent with Pennsylvania's evidentiary rules governing expert witnesses, this Court has repeatedly held that a SOAB member may "consider more than the limited facts included in a plea colloquy," and may review "information contained in records provided by state, county and local agencies, offices and entities in this Commonwealth when making an SVP assessment[,]" regardless of their admissibility. ***Aumick***, 297 A.3d at 782; ***see also Commonwealth v. Prendes***, 97 A.3d 337, 360-61 (Pa. Super 2014), *overruled on other grounds by **Commonwealth v. Hvizda,*** 116 A.3d

- 6 -

1103 (Pa. 2015). Indeed, we opined that "it would be the rare occasion on which the SOAB member would be able to fulfill its statutory obligations if its SVP assessments and written reports were limited to facts contained in a plea colloquy, admitted into evidence, or determined by the trier of fact." *Id.*

In considering an SVP designation, the court must determine "whether the Commonwealth has proven by clear and convincing evidence that the defendant is an individual who has 'a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses.'" *Id.* at 778-79 (quoting 42 Pa.C.S. § 9799.12). The trial court "is not tasked with evaluating the veracity of the facts underlying the expert's testimony[,]" as those facts are merely information "presented to the trial court solely to supply the basis for the expert's opinion" and do not constitute substantive evidence. *Id.* at 782. In contrast, the trial court may rely upon the SOAB expert's opinion as substantive evidence, if "rendered to a reasonable degree of professional certainty." *Id.*

Appellant claims that the evidence presented by the Commonwealth did not demonstrate by clear and convincing evidence that Appellant is an SVP. Appellant's Br. at 12-20. He concedes that his conviction for Child Pornography satisfies the first criteria for an SVP designation, a conviction for a "sexually violent offense," but argues that the Commonwealth failed to present clear and convincing evidence that Appellant had a mental abnormality that renders him more likely to engage in predatory sexually violent offenses. *Id.* at 13, 15-16. Specifically, Appellant challenges the court

and Dr. Valliere's reliance on the allegation in the 2002 indicated report and emphasizes Dr. Valliere's testimony that she would not have had enough evidence to find that he met the "predatory" prong without considering the 2002 incident. *Id.* at 16 (citing N.T. Sent'g at 30-31). Appellant argues that, because the 2002 report resulted in neither a founded report nor a conviction, the report "does not rise to the level of clear [and] convincing evidence required to make a finding that the Appellant was a Sexually Violent Predator." *Id.* at 19. We disagree.

We conclude that Appellant's claim fails under the clear precedent set forth in *Aumick* holding that a SOAB expert is not limited to considering only admissible evidence or evidence found by a trier of fact.[7] Moreover, the trial court opined that the information related to the 2002 incident "was not necessary for [it] to classify [Appellant] as a sexually violent predator, [but] merely lent additional weight to Dr. Valliere's opinion." Trial Ct. Op. at 3-4. Accordingly, we agree with the trial court that the Commonwealth presented sufficient evidence to support the court's designation of Appellant as an SVP.

Judgment of Sentence affirmed.

---

[7] Specifically, in *Aumick*, we found permissible the SOAB member's consideration of "hearsay and unproven allegations," contained in the following documents: "affidavit of probable cause, criminal information, criminal complaint, preliminary hearing transcript, and the investigative reports prepared by Child Protective Services." *Aumick*, 297 A.3d at 781.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date:  10/08/2025