J-S60039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AARON M. NAZARIO | : | |
| | : | |
| Appellant | : | No. 436 WDA 2017 |

Appeal from the Order February 14, 2017
In the Court of Common Pleas of McKean County
Criminal Division at No(s):
CP-42-CR-0000120-2016

BEFORE:   OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 18, 2017**

Appellant Aaron M. Nazario appeals from the February 14, 2017, Order entered in the Court of Common Pleas of McKean County classifying him as a sexually violent predator ("SVP") under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10–9799.41. We affirm.

On May 26, 2016, Appellant entered into a negotiated guilty plea to a single count of indecent assault of a person less than 13 years of age, a misdemeanor of the first degree.[1]  As part of his plea, the Commonwealth dismissed the remaining charges set forth in the Criminal Information.

_____

[1] 18 Pa.C.S.A. § 3126(a)(7).  The victim was born in 2005 and the offense date occurred sometime within 2012-2014 when the victim was between the ages of seven and nine.  N.T. Sentencing, 2/14/17, at 9; N.T. SVP Hearing, 12/23/16, at 54.  The victim's mother was appellant's paramour.  N.T. SVP Hearing, 12/23/16, at 32.

_____

\*   Former Justice specially assigned to the Superior Court.

Pursuant to the plea, Appellant was sentenced to eighteen (18) months to thirty-six (36) months in prison with credit for time served of 126 days.

On December 23, 2016, a Sexually Violent Predator (SVP) Hearing was held following which the trial court determined Appellant met the criteria to be classified as an SVP and would be required to be a lifetime registrant.[2]

_____

[2] This Court has explained the process by which a trial court makes a SVP determination as follows:

> After a person has been convicted of an offense listed in [42 Pa.C.S.A. § 9799.14], the trial [court] then orders an assessment to be done by the [SOAB] to help determine if that person should be classified as a[n SVP. An SVP] is defined as a person who has been convicted of a sexually violent offense ... and who [has] a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory.... Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189–90 (Pa.Super. 2015), *appeal denied*, 633 Pa. 763, 125 A.3d 1199 (2015) (citation omitted). In addition,

*(Footnote Continued Next Page)*

Appellant filed a timely notice of appeal on March 14, 2017, and the trial court issued its Order pursuant to Pa.R.A.P. 1925(b) on March 20, 2017. Appellant filed his Statement of Errors Complained of on Appeal on March 24, 2017, wherein he challenged the admissibility of testimony presented by Sexual Offenders Assessment Board (SOAB) Investigator Supervisor Paul Everett and SOAB expert Brenda Manno. Specifically, Appellant asserted the following:

> 1. [Appellant] appeals whether the trial [c]ourt erred in admitting the investigation report of Paul Everett at the hearing to determine whether [Appellant] meets the criteria as a sexually violent predator on December 23, 2016.

*(Footnote Continued)* _____

> [w]hen performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. ***See*** 42 Pa.C.S.A. § 9799.24(b).

***Id***. at 190.

a. [Appellant] asserts the report submitted by Paul Everett included allegations from the initial police report, including witness statements and facts involving charges for which [Appellant] was not convicted, and that no review of the actual transcript of the guilty plea, which included "agreed upon facts" to substantiate the guilty plea, was considered.

b. [Appellant] argues that while the determination of whether [Appellant] meets the criteria to be classified as a sexually violent predator is a collateral consequence to a conviction for a sexually violent offense, that the rules of evidence and procedural rules apply to this proceeding, and that [Appellant] was prejudiced by the [c]ourt's consideration of facts and statements, admitted through the report of Paul Everett and subsequent testimony of Brenda Manno, which were either irrelevant to the charges for which [Appellant] was convicted, or sometimes wholly inconsistent with facts of record through the guilty plea or the trial transcript of another matter, which was also considered by the [c]ourt in making its ruling.

2. [Appellant] appeals whether the [c]ourt erred in permitting Brenda Manno to testify and render an expert opinion with regard to [Appellant's] classification as a sexually violent predator, when the materials relied upon by Ms. Manno in reaching her opinion were inaccurate and/or inconsistent with the facts of record in [Appellant's] matters pending before the [c]ourt.

a. [Appellant] asserts that Ms. Manno's opinion, which included consideration of the nature of the offense(s), whether the victim(s) were known to [Appellant], and several other considerations as outlined on the record at the time of hearing on December 23, 2016, was based on facts that were purely hearsay and not subject to confrontation or credibility determinations by Ms. Manno or the [c]ourt, and that were sometimes inconsistent with either the trial record from [Appellant's] prior case or the facts agreed upon through entry of a plea for the matter presently before the [c]ourt.

3. [Appellant] appeals the [c]ourt's ruling, by Order dated December 23, 2016, which found that the Commonwealth had presented by clear and convincing evidence that [Appellant] meets the criteria as a sexually violent predator.

a. [Appellant] asserts that Ms. Manno's prior assessment of [Appellant] in another matter, where she indicated that he did not meet the criteria as a sexually violent predator, calls into significant question whether the Commonwealth could prove that [Appellant] had engaged in predatory behavior or that he suffers from a mental abnormality, which would be necessary in order to find that [Appellant] meets the criteria to be classified as a sexually violent predator.

Statement of Errors Complained of on Appeal, filed 3/24/17, at ¶¶ 1-3.

In his appellate brief, Appellant presents the following issue for our review:

(1) Did the trial court err in finding, by clear and convincing evidence, that Appellant meets the criteria to be classified as a sexually violent predator?

Brief for Appellant at 4.

A challenge to a trial court's SVP designation is a challenge to the sufficiency of the evidence, for which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Meals**, 510 Pa. 110, 119, 912 A.2d 213, 218 (2006). When reviewing a trial court's SVP determination, we must view the evidence in a light most favorable to the Commonwealth and may not re-weigh the evidence or substitute our judgment for that of the trial court. **Id**. The question for the trial court is whether the Commonwealth's evidence establishes that the defendant has a mental abnormality or personality disorder that makes him or her likely to

engage in predatory sexually violent offenses. ***Commonwealth v. Brooks***, 7 A.3d 852, 863 (Pa.Super. 2010). We will reverse an SVP determination only if the Commonwealth did not present "clear and convincing evidence that each element of the statute has been satisfied." ***Commonwealth v. Baker***, 621 Pa. 401, 24 A.3d 1006, 1033 (Pa.Super. 2011), *aff'd*, 78 A.3d 1044 (Pa. 2013).

Appellant does not dispute that his guilty plea to a charge of Indecent Assault under 18 Pa.C.S.A. 3126(a)(7) constitutes a conviction of a sexually violent offense under 42 Pa.C.S.A. § 9799.14. Brief for Appellant at 17. Instead, "Appellant focuses his argument on the assertion that the SOAB completed [its] investigation and assessment based solely on the unproven allegations contained in the initial police filings and reports, rather than in review of actual facts of record proven at trial or in a guilty plea transcript. . . ." Brief for Appellant at 19 (footnote omitted). The focal point of Appellant's argument essentially challenges the admissibility of Mr. Everett's report and of Ms. Manno's expert opinion at the SVP hearing.

"To preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and at the appropriate stage of the proceedings; failure to raise such objection results in waiver of the underlying issue on appeal." ***Commonwealth v. Akbar***, 91 A.3d 227, 235 (Pa.Super. 2014), *reversed on other grounds*, 111 A.3d 168 (Pa. 2015) (citations omitted); Pa.R.A.P.

302(a) (Issues not raised before the trial court are waived and cannot be advanced for the first time on appeal). At the SVP hearing, Appellant did not specifically object to the introduction into evidence of Mr. Everett's report, to Mr. Everett's testimony with regard thereto, or to Ms. Manno's testifying as an expert witness. To the contrary, Appellant affirmatively stated "no objection" to both the admissibility of the investigative materials and report Mr. Everett sent to Ms. Manno and to his ensuing testimony. N.T. SVP Hearing, 12/23/16, at 10-13, 15. In addition, Ms. Manno's curriculum vitae was admitted into evidence without objection, and the parties stipulated that Ms. Manno was qualified to offer an expert opinion as to whether Appellant met the criteria of a SVP. *Id*. at 28. Also, Appellant asked to have admitted as "Defense Exhibit Number A" the initial report Ms. Manno had prepared in June of 2016 wherein she did not find Appellant to be an SVP. *Id*. at 41.

Because he failed to raise specific objections regarding the foregoing before the trial court, Appellant cannot now complain that the court erred in admitting the evidence. **Akbar**, **supra**. However, Appellant did lodge a "blanket objection" regarding Ms. Manno's anticipated reliance upon "hearsay and unproven allegations in making her assessment based on Mr. Everett's testimony as to what he forwarded her." N.T. SVP Hearing, 12/23/16, at 28. In addition, Appellant objected to the admission of "Commonwealth's Exhibit 4," Ms. Manno's second report which included information provided to her by Mr. Everett, on the grounds that "she

testified about her reliance of [sic] hearsay to render the opinion." ***Id***. at 39-40. To the extent these objections have preserved Appellant's challenge to the trial court's admission into evidence of Ms. Manno's second report and her accompanying opinion based upon it and rendered to a reasonable degree of professional certainty that he is an SVP, we note that Ms. Manno's opinion constitutes evidence. "[A] Board report or opinion that the individual has an abnormality indicating the likelihood of predatory sexually violent offenses is itself evidence. Also, while a defendant is surely entitled to challenge such evidence by contesting its credibility or reliability before the SVP court, such efforts affect the weight, not the sufficiency of the Commonwealth's case. Accordingly, they do not affect our sufficiency analysis." ***Commonwealth v. Feucht***, 955 A.2d 377, 382 (Pa.Super. 2008) (citations omitted). Furthermore, "[SORNA] does not limit the expert's consideration of information only to that admitted at trial or at the guilty plea proceedings." ***Commonwealth v. Prendes***, 97 A.3d 337, 360 (Pa.Super. 2014).

At the SVP hearing, Ms. Manno testified that when she completed her initial evaluation of Appellant in June of 2016, he had a prior criminal conviction from 2015 for his sexual assault of a twenty-three year old victim.

N.T. SVP Hearing, 12/23/16, at 38.[3]  Ms. Manno determined that although

Appellant met the definition of predatory, she did not find him to be an SVP

in her initial report "because he lacked the mental abnormality or personality

diagnosis at that time" as "there was no time span of a period of six months

or more where he had engaged in any behavior sexually." *Id.*, at 38-39.

Notwithstanding, at the time of the SVP hearing on December 23, 2016, and

after considering the statutory factors following Appellant's guilty plea

herein, she opined he did meet that criteria.  *Id*. at 39, 49.  Appellant did

not present expert testimony to contest Ms. Manno's conclusions, although

he thoroughly cross-examined her regarding her assessment and in doing so

highlighted her contrary findings in her initial report.  *Id*. at 40-54.

In *Prendes*, this Court stated that "[o]nce expert testimony has been

admitted, the rules of evidence then place the full burden of exploration of

facts and assumptions underlying the testimony of an expert witness

squarely on the shoulders of opposing counsel[]," who "bears the burden of

exposing and exploring "'any weaknesses in the underpinnings of the

expert's opinion.'" *Id*. at 358 (citation omitted).  Relying upon that decision,

the trial court reasoned herein as follows:

---

[3]Ms. Manno explained that the victim had been diagnosed with Asperger's and had "mental limitations that made her more vulnerable." *Id*. at 33. She also acknowledged that Appellant had a juvenile criminal history and a prior, adult criminal history. *Id*. at 34.

Mr. Paul Everett (Tr. pp. 15-27) gathered various reports, including [] Appellant's criminal complaint with affidavit of probable cause in the current case and the same information from Appellant's 210 of 2015 case. He did not analyze the documents but simply gathered the information that he could find available and, in the course of his work for the Board, passed these on to Ms. Manno to use in making her assessment. She relied on the information provided to her and testified as to the sources of her information on which her opinion was formed. She testified that she made specific findings regarding all of the criteria set forth in "Title 42, Section 9799.24" (Tr. pg. 31, lines 11-12). She explained that she has to evaluate all the factors but that all the factors need not be met in order for someone to be classified as an SVP. (Tr. pg. 31, lines 14-pg. 32, lines 1-6)[.] This comports with the case law on SVP evaluations. Prendas, *Supra*. at 358, 359. Her qualifications as stated on the record (Tr. pg. 29, lines 3-24) enabled her to testify as an expert. . . .

This court need not argue the issue of whether Ms. Manno could change her opinion from an earlier assessment on [ ] Appellant in which she found him not to be an SVP. As stated above, she is required to base her opinion on information provided to her including the current and most recent jury verdict of guilty of a particular offense. Obviously she had additional information in 2016, including the history of the previous non-SVP offense which she reviewed prior to making [ ] Appellant's current evaluation. On cross-examination defense counsel thoroughly interrogated her on this issue and she provided him with an explanation as to how her testimony was in accord with the permitted methods of evaluation. There is no foundation for [ ] Appellant's argument that, just because he was found not to be an SVP in 2015 that he could be shielded from being found to be an SVP in 2016, one year later.

Trial Court Opinion, filed 5/12/17, at 3-4 (unnumbered).

Our review of the record substantiates the trial court's determination the

Commonwealth presented clear and convincing evidence that Appellant met

the statutory criteria to be classified as an SVP under SORNA. Appellant,

essentially asks this Court to reweigh the evidence and find in his favor,

which we cannot do. **See Commonwealth v. Meals**, 590 Pa. 110, 912 A.2d 213 (2006) (holding this Court erred in reweighing the SVP evidence presented to the trial court to give more weight to factors that were absent than to those found and relied upon by the trial court).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2017