J-S62022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER WILLIAM FORSYTHE, JR. | : | |
| | : | |
| Appellant | : | No. 490 WDA 2019 |

Appeal from the Judgment of Sentence Entered, March 7, 2019,
in the Court of Common Pleas of Cambria County,
Criminal Division at No(s):  CP-11-CR-0001435-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                 FILED FEBRUARY 04, 2020

Alexander William Forsythe, Jr., appeals from the judgment of sentence imposed following his open guilty plea to one count each of driving under the influence ("DUI") controlled substances Schedule II or Schedule III, and driving while operating privileges suspended – DUI related.[1]  We affirm.

On August 1, 2018, Forsythe recklessly operated his vehicle while under the influence of Xanax and Fentanyl, and collided with other vehicles, causing damage.  At the time, Forsythe's driving privileges were suspended due to a prior DUI conviction.  Additionally, police found three syringes in his vehicle. Forsythe was arrested and charged with numerous offenses.  On January 29, 2019, Forsythe pleaded guilty to DUI controlled substances Schedule II or III,

---

[1] See 75 Pa.C.S.A. §§ 3802(d)(1)(ii), 1543(b)(1).

and driving while operating privileges suspended – DUI related.[2] Sentencing was scheduled for February 27, 2019; however, Forsythe failed to appear. A bench warrant was issued. On March 7, 2019, Forsythe entered an open guilty plea to the above-noted charges. The trial court sentenced Forsythe to eighteen to sixty months incarceration for the DUI charge, and a concurrent prison term of thirty to sixty days for the driving while operating privileges suspended charge. Both sentences fell within the standard range of the sentencing guidelines. Forsythe filed a timely post-sentence motion, which the trial court denied. Forsythe thereafter filed a timely notice of appeal. Both Forsythe and the trial court complied with Pa.R.A.P. 1925.

On appeal, Forsythe challenges the discretionary aspects of his sentence.[3] As we have explained, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to

_____

[2] Both of Forsythe's convictions constituted second offenses within ten years. Additionally, Forsythe's conviction of driving while operating privileges suspended – DUI related was his third lifetime conviction for this offense.

[3] As Forsythe entered an open guilty plea, he retained the right to challenge the discretionary aspects of his sentence. See Commonwealth v. Luketic, 162 A.3d 1149, 1159 (Pa. Super. 2017) (holding that when a defendant enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, he waives the right to challenge all non-jurisdictional defects except the legality of the sentence and the validity of the plea, but retains the right to challenge the discretionary aspects of his sentence).

reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [see] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [see] 42 Pa.C.S.A. § 9781(b).

Id. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. Commonwealth v. Yanoff, 690 A.2d 260, 267 (Pa. Super. 1997); see also Commonwealth v. Tuladziecki, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S. § 9781(b).

We determine the existence of a substantial question on a case-by-case basis. See Commonwealth v. Feucht, 955 A.2d 377, 384 (Pa. Super. 2008). A substantial question exists only when "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Diehl, 140 A.3d 34, 44-45 (Pa. Super. 2016) (internal citations and quotation marks omitted).

In the instant case, Forsythe filed a timely notice of appeal, preserved his claims in a timely post-sentence motion, and included in his appellate brief a Rule 2119(f) statement. As such, he technically complied with the first three

requirements to challenge the discretionary aspects of his sentence. See Commonwealth v. Rhoades, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will proceed to review his Rule 2119(f) statement to determine whether Forsythe has presented a substantial question for our review.

In his Pa.R.A.P. 2119(f) statement, Forsythe concedes that his sentences fall within the standard range of the sentencing guidelines, but "avers that his sentence was manifestly excessive in that the trial court did not take into consideration his severe addiction and need for treatment in lieu of incarceration." Forsythe's Brief at 5 (some capitalization omitted).

This Court has held on numerous occasions that a claim of inadequate consideration of rehabilitative needs does not raise a substantial question for our review. See Commonwealth v. Haynes, 125 A.3d 800, 807 (Pa. Super. 2015). Similarly, an allegation that a sentencing court failed to consider or did not adequately consider certain mitigating factors does not raise a substantial question that the sentence was inappropriate. See Commonwealth v. Lewis, 911 A.2d 558, 567 (Pa. Super. 2006). Thus, as Forsythe has failed to raise a substantial question for our review, we must deny his petition to appeal the discretionary aspects of his sentence.[4]

_____

[4] Even if Forsythe has raised a substantial question for our review, we would have concluded that the trial court did not abuse its discretion in imposing his sentence. Importantly, the sentencing court had the benefit of a PSI. It is well-settled that where a sentencing court was informed by a PSI, "it is presumed that the court was aware of all appropriate sentencing factors and considerations, and that where the

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/2020

---

court has been so informed, its discretion should not be disturbed." Commonwealth v. Ventura, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)). Moreover, in light of the criminal conduct at issue, we would not have concluded that the trial court's imposition of standard range sentences were clearly unreasonable, or that Forsythe's aggregate sentence was unduly harsh. Commonwealth v. Swope, 123 A.3d 333, 338-39 (Pa. Super. 2015).