**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOMMY T. TRAN | : | |
| | : | |
| Appellant | : | No. 1658 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003556-2017

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED JULY 14, 2020**

Tommy T. Tran appeals from the judgment of sentence entered after he pleaded guilty to one count each of Aggravated Assault, Possession of a Firearm Not To Be Carried Without a License, Criminal Conspiracy, and Burglary, and two counts each of Unlawful Restraint and Robbery.[1] He challenges the discretionary aspects of his sentence and claims prosecutorial misconduct at sentencing. We affirm.

The facts giving rise to Tran's guilty plea are as follows:

> On February 10, 2017, around 1:50 in the morning, Tommy Tran [("Tran")] along with two other co-defendants entered a home at 2101 South 66th Street in the city and county of Philadelphia. N.T. 9/28/2017 at 9. The males encountered two elderly females in the home: Huyen Nguyen and Tntien Pham (Complainants). *Id.* at 10. [Tran] encountered Ms. Nguyen in the kitchen, where he placed a gun to her head

_____

[1] 18 Pa.C.S.A. §§ 2702(a), 6106(a)(1), 903 3502(a)(1)(i), 2902(a)(1),  and 3701(a)(1)(ii), respectively.

and a knife to her throat, brought her upstairs, and tied her up. N.T. 2/27/2018 at 4. A co-defendant encountered the other complainant as she was sleeping, woke her up, brought her to the same room as Nguyen, and tied her up as well. *Id.* at 4-5. Both complainants were punched, and Nguyen was strangled about her neck. N.T. 9/28/2017 at 10. The defendants took $5,700 in cash as well as some jewelry from the complainants. N.T. 2/27/2018 at 6.

During the incident, the neighbors of the complainants heard yelling and called the police. *Id.* at 5. Police arrived and stopped the robbery in progress. *Id.* Police observed three masked men attempting to leave the residence. N.T. 9/28/2017 at 11-12. Once in the house, police observed the two complainants still tied up. *Id.* at 12. [Tran] was found with one other co-defendant in the rear bedroom underneath a bed, both still wearing masks. *Id.* His codefendant came out from under the bed, but [Tran] refused and was forcibly removed. *Id.* Police observed cash strewn about the room and recovered several hundred dollars as well as one of the complainant's jewelry from [Tran]. *Id.* [Tran] possessed a gun and a knife, another co-defendant possessed a knife, and the third co-defendant possessed a lighter shaped like a gun. N.T. 4/12/2018 at 6. [Tran] is not licensed to carry a firearm. N.T. 9/28/2017 at 13. [Tran] was arrested and charged with Burglary and related offenses.

Trial Ct. Op., filed 8/9/19, at 1-2 (unpaginated).

Following a sentencing hearing in February 2018, the court imposed an aggregate sentence of 10 to 20 years in prison followed by 20 years of probation, citing the vulnerability of the victims and the need to protect them and the public. Tran filed a timely post-sentence motion arguing the sentence was excessive. The trial court vacated its sentence and scheduled a hearing for March 2018. Before the court could hold the hearing, however, Tran filed a notice of appeal, and we quashed the appeal as interlocutory. The court then

conducted the resentencing hearing and resentenced Tran in December 2018 to the same sentence it had original imposed.

Tran did not file a renewed post-sentence motion. Rather, in February 2019, he submitted a Motion to Dismiss arguing only that the court should dismiss the charges due to alleged prosecutorial misconduct at Tran's original sentencing hearing and at his post-sentence hearing:

> 7. Clearly by misrepresenting [codefendant's] role at [Tran's] sentencing hearing and post sentence hearing, the prosecutor engaged in conduct which intentionally undertake [*sic*] Defendant's right to a fair sentence.

> 8. Accordingly, in the interest of Justice, for the foregoing reasons, the **case sub judice** should be dismissed with prejudice pursuant to the Double Jeopardy Clause of Article 1, Section 10 of the Pennsylvania State Constitution and **Commonwealth v. Minnis,** 83 A.3d 1047 (Pa.Super. 2014).

Motion to Dismiss with Prejudice Based on Prosecutorial Misconduct, filed 2/4/19, at ¶¶ 7, 8 (emphasis in original). The court denied the motion by operation of law and this timely appeal followed.

On appeal, Tran raises two issues:

> 1. Whether the trial court abused its discretion in imposing an unreasonable, manifestly excessive concurrent sentence of ten (10) to twenty (20) years, that was substantially above the aggravated guideline range, where the court failed to provide a contemporaneous written statement of the reason or reasons for deviating from the guidelines, and the sentence was grossly disproportionate to the gravity of the offense, [Tran]'s rehabilitative needs, and the protection of the community, thereby violating 42 Pa.C.S.A. Section 9712(b) of the sentencing code and the fundamental norms of sentencing?

2. Whether [Tran]'s conviction and judgment of sentence should be vacated with prejudice, because the Commonwealth engaged in prosecutorial misconduct, thereby prejudicing [Tran]'s right to a fair sentencing, where during [Tran]'s sentencing hearing the prosecutor made egregious misrepresentation of fact with the clear explicit purpose of persuading the lower court to impose a heightened sentence?

Tran's Br. at 4.

Tran's first issue is a challenge to the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute[.]" ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa.Super. 2014) (*en banc*). An appellant wishing review of such an issue must clear four hurdles. The appellant must (1) have preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) have filed a timely notice of appeal; (3) set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raise a substantial question about the appropriateness of the sentence. ***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa.Super. 2013).

Here, Tran failed to preserve his sentencing claim in an objection at the re-sentencing hearing or in a motion to modify the sentence. "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013). Indeed, Tran did not file anything he captioned as a post-sentence motion after his re-sentencing. Rather, he filed what he styled as a Motion to Dismiss.

However, even that filing did not challenge his sentence, but rather alleged that the trial court should dismiss his case because of prosecutorial misconduct. In any event, that filing could not have preserved any challenge to the sentence, as it would have been untimely. ***See Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa.Super. 2008) ("To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them . . . in a timely post-sentence motion.").

Although Tran did make such an argument in his post-sentence motion challenging his original sentence, that is not the operative sentence. Rather, he is now subject to the judgment of sentence imposed after his resentencing hearing. Although the "new" sentence is for the same terms of imprisonment and probation as the original sentence, Tran's challenge to the original sentence cannot be used as a challenge to the new sentence. This is not a mere technicality. By not making an appropriate objection or post-sentence motion against the "new" sentence, Tran deprived the trial court of the opportunity to reconsider its sentence in light of any new information or arguments presented at the resentencing hearing. Tran has waived his sentencing claim.

Next, Tran claims that the Assistant District Attorney ("ADA") committed prosecutorial misconduct when making her argument during the original sentencing hearing. He alleges that the ADA's misrepresentation of a codefendant's involvement amounted to prosecutorial misconduct and influenced the court to impose a harsher sentence.

Even assuming the argument is properly before us in this appeal, as the alleged misstatements occurred at hearings before the court resentenced Tran, Tran waived the claim by failing to make a contemporaneous objection. *See Commonwealth v. Spotz*, 18 A.3d 244, 277-78 (Pa. 2011) (concluding that appellant waived claim of prosecutorial misconduct by failing to raise contemporaneous objection). *See also* N.T., Sentencing, 4/24/17, at 7-9. Moreover, Tran's claims of prosecutorial misconduct do not hold up, as the Commonwealth ably explains. *See* Com. Br. at 19-24. We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2020