J-S32043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY A. MILLER | : | |
| | : | |
| Appellant | : | No. 642 WDA 2021 |

Appeal from the Judgment of Sentence Entered November 9, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000536-2018

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED:  December 7, 2021**

Jeremy A. Miller ("Miller") appeals from the judgment of sentence imposed following his convictions of two counts each of rape of a child and involuntary deviate sexual intercourse with a child, and one count of endangering welfare of children.[1]  Specifically, Miller challenges his designation as a sexually violent predator ("SVP").  We affirm.

In July 2016, H.T., a 6-year-old minor female (the "victim"), and D.T. ("Mother"), moved in with Miller, who was Mother's fiancé.  During the time period that Mother and the victim lived with Miller, Miller sexually abused the victim and penetrated her vaginally, anally, and orally with his penis. Additionally, Miller showed the victim pornography on "Redtube."  In February

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 4304(a)(1).

2017, mother and the victim moved to the state of California without Miller. However, they returned to Pennsylvania in May 2017, and moved back in with Miller in August 2017. Around this time, Miller again began abusing the victim by penetrating her vaginally, anally, and orally with his penis. On December 12, 2017, the victim disclosed the above incidents to a neighbor, who reported the incidents to the Lower Burrell Police Department. Subsequently, the Commonwealth charged Miller with rape of a child and related offenses.[2]

On January 17, 2019, Miller entered into a negotiated guilty plea, in which he agreed to plead guilty to the above-mentioned charges. In exchange, the Commonwealth agreed to withdraw the remaining charges. Pursuant to the plea agreement, the trial court sentenced Miller to an aggregate term of 20 to 30 years in prison, followed by 10 years of probation. Additionally, the trial court ordered Miller to undergo an SVP assessment, and ordered the preparation of a pre-sentence investigation report ("PSI").

Brenda A. Manno ("Manno"), a licensed social worker and member of the Sexual Offender Assessment Board ("SOAB"), was assigned to conduct Miller's SVP assessment. On November 9, 2020, the trial court conducted an

---

[2] We summarize these facts from the Affidavit of Probable Cause. ***See*** Affidavit of Probable Cause, 1/18/18, at 1-2. Additionally, we note that no factual summary was placed into the record. However, at the sentencing hearing, Miller stipulated to the factual basis for his plea. ***See*** N.T. (Sentencing Hearing), 1/17/19, at 4-5.

SVP hearing, in which Manno testified.[3]  At the conclusion of the hearing, the trial court determined that Miller is an SVP.  Miller did not file a post sentence motion.

On February 21, 2021, Miller filed an untimely Notice of Appeal, which this Court quashed.  *See Commonwealth v. Miller*, No. 231 WDA 2021 (Pa. Super. filed March 15, 2021) (*per curiam* order).  Subsequently, Miller filed a Petition for *nunc pro tunc* relief, in which he requested that his appellate rights be reinstated, *nunc pro tunc*.  On March 29, 2021, the PCRA court granted Miller's Petition and reinstated his appellate rights, *nunc pro tunc*.

Miller filed a *nunc pro tunc* Notice of Appeal.  The trial court did not order, and Miller did not file, a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Miller raises the following claim for our review:  "Did the [trial c]ourt err by finding [Miller] to be a[n SVP,] where the evidence was insufficient to prove by clear and convincing evidence that [Miller] met the criterion for such a finding?"  Brief for Appellant at 3.

Miller challenges the trial court's classification of him as an SVP, pursuant to 42 Pa.C.S.A. § 9799.24.  Brief for Appellant at 9.  Miller concedes that Manno, in her testimony, considered all 15 statutorily required elements pursuant to 42 Pa.C.S.A. § 9799.24(b).  Brief for Appellant at 9.  However,

---

[3] During the SVP hearing, the trial court admitted Manno as an expert.

Miller "believes [that] the Commonwealth failed to make a clear connection between [Miller]'s disorder and the likelihood he would recidivate by committing future sexual offenses." *Id.*

Initially, Miller's single page of argument makes only a bald assertion that the Commonwealth failed to present sufficient evidence. *See* Pa.R.A.P. 2119(a) (requiring an appellant to support his argument with "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). "It is not the role of this Court to formulate [an a]ppellant's arguments for him." *Johnson*, 985 A.2d at 925. We note that Miller's brief includes only a single citation, but Miller provides no discussion of how that citation is relevant to his case. Accordingly, Miller has waived this claim. *See Johnson*, 985 A.2d at 924-25.

Nevertheless, even if Miller had not waived this claim, we would determine that his challenge lacks merit. When reviewing an SVP designation, this Court must determine whether the evidence of record was sufficient to allow a fact-finder to find, by clear and convincing evidence, that the individual is an SVP. *See Commonwealth v. Morgan*, 16 A.3d 1165, 1168 (Pa. Super. 2011). As with any sufficiency claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the verdict winner. *See*

*id.* Therefore, as a reviewing court, we will reverse the trial court's SVP determination only if the Commonwealth failed to present clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied. *See Commonwealth v. Haughwout*, 837 A.2d 480, 484 (Pa. Super. 2003).

An SVP is defined as a person who has been convicted of a sexually violent offense and who has a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. *Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015). As this Court has explained,

> [w]hen performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim[]; the defendant's relationship with the victim[]; the victim['s] age[]; whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim['s] mental capacity[]; the defendant's prior criminal record; whether the defendant completed any prior sentence[]; whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S.A. § 9799.24(b).

*Hollingshead*, 111 A.3d at 189-90.

There is no statutory requirement that all, or any particular number, of the statutory factors be present or absent in order to support an SVP

designation. ***Commonwealth v. Meals***, 912 A.2d 213, 220-23 (Pa. 2006). The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation. ***Id.*** at 222. Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities. ***See id.*** at 221. Thus, while the SOAB is to examine all of the statutory factors, the Commonwealth does not have to show that any certain factor is present or absent in a particular case. ***Id.*** Rather, the question for the trial court is whether the Commonwealth's evidence, including the SOAB's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses. ***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa. Super. 2008) (emphasis and citation omitted).

Our review discloses that, at the hearing, Manno enumerated and discussed her analysis of the relevant statutory factors involved, in order to arrive at her professional conclusion that Manno is an SVP. ***See*** N.T. (SVP Hearing), 11/9/20, at 13-20 (wherein Manno stated that she reviewed the 15 statutory factors in making her determination, and explained the applicable statutory factors relevant to her determination). In particular, we observe that Manno testified that Miller suffered from Pedophilic Disorder in the DSM-5, which is a "congenital or required condition that is a lifetime disorder." ***Id.***

at 15. Manno explained that this is a treatable, but incurable condition. *Id.* 15-17.

At the conclusion of the SVP hearing, the trial court explained its finding as follows:

> Based on what I have heard and read, I take into consideration the findings of the expert witness and her report as well as the arguments made by the attorneys, [] Miller engaged in various methods of intrusive sexual contact with a victim who was six to seven years old at the time of the offenses. [Miller] was obviously much older, approximately 20 years older than [the victim] at the time. He engaged in sexual offending of this prepubescent female child for an extended period of time.
>
> I make a finding that [] Miller does suffer from a mental abnormality or personality disorder as defined in Pennsylvania Law and that he meets the diagnostic criteria for a Pedophilic Disorder as opinioned by [] Manno. [] Miller used his relationship and access in order to sexually victimize his girlfriend's daughter, and his behavior is considered predatory in nature based on the definition in our statute, so; therefore, I do make a finding that [] Miller meets the criteria to be classified as a[n SVP] under Pennsylvania Law, which has been established by the Commonwealth by clear and convincing evidence.

N.T. (SVP Hearing), 11/9/20, at 33-34.

Our review confirms the trial court's determination is supported by the record, and thus, even if Miller had not waived his challenge, we would afford him no relief. *See Hollingshead*, *supra*; *Meals*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

- 7 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/2021