J-A21025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                    :   PENNSYLVANIA
                                                    :

                 v.                       :
                                                    :

ANTHONY CHASE JOHNSON         :
                                                      :

         Appellant         :   No. 765 MDA 2024

Appeal from the Judgment of Sentence Entered November 30, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003404-2021

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:         **FILED: SEPTEMBER 19, 2025**

Anthony Chase Johnson ("Johnson") appeals from the judgment of sentence imposed following his jury convictions of rape of a child and related offenses.[1]  We affirm.

In 2021, E.R. (the "Victim"), then seventeen years old, reported to the Pennsylvania State Police that nine to ten years earlier, Johnson sexually assaulted her.  At the time of the assaults, Johnson, then around nineteen and twenty years old, was the boyfriend of the Victim's aunt ("Aunt"), then seventeen years old.[2]  The Victim, her mother and brother, Aunt, and Johnson

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 3121(c).

[2] At trial, Aunt testified that she began to date Johnson when she was twelve to thirteen years old.  **See** Trial Court Opinion, 9/9/24, at 6.

lived together at the Victim's grandparents' house, with Johnson staying in the attic.

The Commonwealth charged Johnson with rape of a child and related offenses. This matter proceeded to a jury trial in June of 2023, where the Victim, Aunt, and others testified. The trial court summarized the Commonwealth's evidence as follows:[3]

> When nobody else was home, [Aunt] would watch [the Victim] and her younger brother[, and] they would spend most of the time in the attic. In the attic there was a mattress on the floor, part of a sectional couch, and a TV on a stand. When [Aunt] would take the [V]ictim's younger brother downstairs to put him to bed[, she would] leave the [V]ictim in the attic alone with [Johnson].

> While [the Victim] was left alone in the attic with [Johnson], the [V]ictim would wake up to [Johnson] touching her and she would act like she was not awake. [Johnson] used his hands to touch and penetrate the [V]ictim's vagina. [Johnson] also touched and penetrated [V]ictim's anus with his penis. The [V]ictim testified that the penetration hurt, but that there was no blood present and that she did not seek any medical attention[.] [Johnson] would also take the [V]ictim's hand and place it on his penis. . . . Neither [Johnson] nor the [V]ictim would say anything while it was happening. [Johnson] would ejaculate on the [V]ictim's back and he would clean it up with a blanket or something else. . . . The [V]ictim is unsure how many times this assaultive behavior happened, but did testify that it was more than two times and only occurred in the attic.

> In April of 2012, the sexual abuse stopped because the [V]ictim went to live with her biological father in a different house. The [V]ictim did not tell anyone about the . . . abuse because her family was going through a lot, she was young, she was not sure

---

[3] The certified record transmitted on appeal did not include the trial notes of testimony. Nevertheless, Johnson does not challenge the trial court's summary of the Commonwealth's evidence.

how to tell anyone, and she did not know if anyone would believe her. . . .

[Subsequently, the Victim] had contact with [Johnson] only one time at a family reunion when she was still only 8 years old. Thereafter, in 2021, when the [V]ictim was 17 years old, [Johnson] sent her multiple Facebook friend requests from multiple Facebook accounts in a single evening [and a Facebook message, asking how old she was.] . . .

Trial Court Opinion, 9/9/24, at 3-4 (citations to trial transcript omitted). The Victim testified that she "confront[ed Johnson] about the rape in a [Facebook] message" and told her mother about the abuse. *Id*. at 5.

Johnson testified in his own defense, denying any wrongdoing. The jury found him guilty of rape of a child, statutory sexual assault, indecent exposure, corruption of minors,[4] and two counts each of involuntary sexual intercourse ("IDSI") and indecent assault of a person less than thirteen years of age.[5]

---

[4] *See* 18 Pa.C.S.A. §§ 3122.1(a)(1), 3127(a), 6301.

[5] *See* 18 Pa.C.S.A. §§ 3123(a)(7) (IDSI of a person less than sixteen years old, where the defendant is four or more years older), (b) (IDSI of a child), 3126(a)(7) (indecent assault of a person less than thirteen years old), (8) (indecent assault of a complainant less than sixteen years old and the defendant is four or more years older).

Subsequently, Johnson filed a motion, requesting to present an oral motion for extraordinary relief.[6] He claimed for the first time that one of the jurors may have had a close relationship with a Commonwealth witness.

On November 30, 2023, the trial court conducted a combined hearing on Johnson's motion, SVP determination, and sentencing. With respect to his claim of juror bias, Johnson presented one witness, Alexis Halaburda ("Halaburda"), who testified to all of the following. She was "familiar with" Johnson from 2009 to 2016, as he was friends with her then boyfriend. Additionally, [Halaburda] was friends with Aunt at this time, and Halaburda attended high school with the juror in question.

> [D]uring their senior year[,] the juror worked at a large hotel/bar/restaurant establishment with [Aunt], but [Halaburda] did not know if they ever actually worked at the same time together. [Aunt] and the juror were "always out together outside work" and Halaburda knew of pictures of them together on social media.
>
> Halaburda then testified on cross examination that she only knew of the juror and [Aunt] to hang out within a group of people, that she never knew them to hang out alone together, and that they did not continue to hang out after high school in 2012. Halaburda . . . is also aware that the same juror knew [Johnson's] child's mother because they all went to high school together.

Trial Court Opinion, 9/9/24, at 11 (citations to sentencing transcript omitted and paragraph break added).

_____

[6] **See** Pa.R.Crim.P. 704(B) (providing that "[u]nder extraordinary circumstances, . . . the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial").

Johnson testified at the hearing to the following:

[H]e recognized the juror's name when he got the juror list, but [did not tell his attorney. Johnson hung out with the juror one time in 2011 or 2012. Johnson] was present at *voir dire*, was present at all times during the trial, and testified within close proximity to the jurors. [H]e was looking for the juror's face the whole time [during trial], but . . . he could not see because he needs glasses. [H]e did not recognize the juror because he was not studying every juror and [he realized who she was] when she stood up during the reading of the verdict[. Johnson] made his attorney aware that he recognized the juror when the verdict was being read.

*Id*. at 12 (citations to sentencing transcript omitted).

The Commonwealth argued that Johnson waived any claim for relief, as he "acknowledged he knew it [*sic*] the second he saw that juror's name," yet he "sat through multiple days of trial[ and] testified in front of that jury, including that juror, and never brought it up." N.T., 11/30/23, at 22. Johnson claimed that the juror likewise did not inform anyone of this issue, and the Commonwealth responded "the juror can't waive this issue, [but] Johnson can." *Id*. The trial court denied Johnson's request for relief.

The matter proceeded immediately to the Commonwealth's presentation of evidence as to whether Johnson is a sexually violent predator ("SVP") under the Sexual Offender Registration and Notification Act ("SORNA").[7] The trial court found Johnson is an SVP, and furthermore that the underlying

---

[7] *See* 42 Pa.C.S.A. §§ 9799.10 to 9799.95.

convictions render him a Tier III offender, subject to lifetime registration under SORNA.[8]

Finally, the trial court, who had reviewed a pre-sentence investigation report, conducted sentencing. Johnson did not personally address the court or offer any sentencing argument, but maintained his innocence. **See** N.T., 11/30/23, at 43 (defense counsel arguing, "[Johnson] testified at trial[ and] offered his version of the facts in this case. And based upon that, I really don't have anything to say other than he maintains his innocence in this case").

The trial court imposed an aggregate sentence of twenty-two to forty-six years' imprisonment. Pertinently, the trial court imposed the sentences for five convictions — rape of a child, two counts of IDSI, corruption of minors, and one count of indecent assault — to run consecutively, and three sentences — for statutory sexual assault, indecent exposure, and the other indecent assault count — to run concurrently.

Following the trial court's granting an extension of time, Johnson filed a timely post-sentence motion. The trial court entered an order denying the motion by operation of law on May 23, 2024. Johnson filed a timely notice of appeal. The trial court then permitted Johnson's trial counsel to withdraw

---

[8] **See** 42 Pa.C.S.A. §§ 9799.14(d)(2), (4), (8) (classifying rape, IDSI, and indecent assault of a person less than thirteen years of age as Tier III sexual offenses), 9799.15(a)(3) (requiring an individual convicted of a Tier III sexual offense to register for life).

from representation and appointed present counsel, Matthew Kelly, Esquire ("Attorney Kelly"). Attorney Kelly then filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Preliminary, we consider the trial court's suggestion that Johnson has waived all of his appellate issues for an improperly vague Rule 1925(b) statement. *See* Trial Court Opinion, 9/9/24, at 14; *see also* *Commonwealth v. LeClair*, 236 A.3d 71, 75 (Pa. Super. 2020) (noting "that a vague Rule 1925(b) statement may result in waiver, even if the trial court correctly guesses the issues an appellant seeks to raise on appeal").

Johnson's Rule 1925(b) statement averred, in pertinent part:

1. Whether the trial committed an error of law or abused its discretion in sentencing in issuing [*sic*] an aggregate sentence of 264-552 months which is excessive and unreasonable.

2. Whether the trial court committed an error of law or abused its discretion in denying [Johnson's] motion for extraordinary relief. [Johnson] alleges that juror bias existed that severely prejudiced [him] from receiving a fair and impartial trial and ultimately tainted the verdict. Testimony elicited by defense witness proved a relationship between one of the jurors and the Commonwealth's witness.

Concise Statement of Matters Complained of on Appeal, 6/14/24 (unnecessary capitalization omitted).

We determine the second issue sufficiently set forth Johnson's central claim, juror bias, with supporting argument — that he presented a witness who testified about a relationship between a juror and a Commonwealth witness. Johnson's first issue, concerning his sentence, lacks similar

discussion, and we agree that a claim of sentence excessiveness, without elaboration, is broad. Nevertheless, in this particular appeal, we decline to find waiver, as the issue signaled a challenge to the discretionary aspects of sentencing. We remind Attorney Kelly that a Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). In any event, as we discuss *infra*, we determine Johnson has waived his sentencing issue on another ground.

Johnson presents two issues for our review:

I. Whether the trial court abused its discretion or committed an error of law by denying [Johnson's] motion for extraordinary relief.

II. Whether the trial court abused its discretion in sentencing [Johnson].

Johnson's Brief at 1 (unnecessary capitalization omitted).

In his first issue, Johnson avers the trial court erred in denying his motion for extraordinary relief, based on a claim of juror bias. He cites Halabruda's testimony regarding the alleged friendship between Aunt and the juror, as well as between Halabruda and Aunt. Johnson maintains that he did not recognize the juror "at first," as her appearance had changed "over the years," but he notified his attorney "as the verdict was being read." Johnson's Brief at 7. Johnson contends: "If recognized earlier in the proceedings, [he] would have challenged the . . . juror for cause due to the pre-existing relationship between the witnesses and the juror," and "the court must

presume a likelihood of prejudice." *Id*. at 8-9. Johnson requests relief in the form of a new trial.

The trial court found that Johnson waived his claim for failure to raise it before the jury rendered its verdict. The court cited Section 4527 of the Judicial Code,[9] which provides:

> Except as otherwise prescribed by general rule, errors and omissions in the selection of jurors under this subchapter **shall not** constitute grounds to set aside any jury verdict in any . . . criminal matter or to arrest, reverse, open or strike any judgment entered on a jury verdict, and the trial by jury and its rendition of a verdict in any matter **shall constitute a waiver** of all such errors and omissions.

42 Pa.C.S.A. § 4527 (emphases added); *see also* Trial Court Opinion, 9/9/24, at 18.

After review of the record and the plain language of Section 4527, we likewise conclude that Johnson has waived his claim that a juror was biased due to having a friendship with a Commonwealth witness. *See Commonwealth v. Carl*, 276 A.3d 743, 749-50 (Pa. Super. 2022) (stating that "[t]he basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning. 'When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit'"). Section 4527 clearly states that any error "in the selection of jurors" **shall not** be grounds to set

---

[9] *See* 42 Pa.C.S.A. §§ 101-9914.

aside a jury verdict, and the entry of a jury verdict "**shall constitute a waiver** of all such errors and omissions." 42 Pa.C.S.A. § 4527 (emphasis added). Johnson does not address, let alone dispute, the trial court's discussion of waiver of Section 4527. Because Johnson failed to raise this issue before the jury announced its verdict, we conclude no relief is due on his first issue.

In his second issue, Johnson asserts the trial court abused its discretion in imposing a sentence that "is manifestly excessive in light of the crimes committed." Johnson's Brief at 10. While Johnson cites relevant legal authority, his argument is, in sum: (1) "the consecutive nature of the sentence imposed is excessive;" and (2) "even if he is released at his minimum [sentence of twenty-two years,] he would be approximately [fifty-five] years old in what amounts to be a life sentence [*sic*]." **Id**. at 10, 11. Johnson maintains that these "issues were properly preserved in a post-sentence motion." **Id**. at 9.

This Court has explained:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

> substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa. Super. 2013) (some citations omitted).

After careful review of the record, we determine Johnson has failed to comply with the above requirements. As discussed above, at the sentencing hearing, Johnson did not present any argument concerning sentencing, but merely maintained his innocence. *See* N.T., 11/30/23, at 43. In his post-sentence motion, Johnson's argument concerning his sentence was, in sum: (1) his prior record score was zero; (2) the sentence was "an extraordinary amount of time and manifestly excessive in this case;" and (3) the trial court should "consider his minor children and his family who need his support now and in the future." Post-Sentence Motion, 1/8/24, at unnumbered 5.

Johnson has abandoned on appeal the first and third claims, concerning his prior record score and the effect on his family. The second claim in Johnson's post-sentence motion was vague and boilerplate and did not address any particular aspect of his sentence, the Sentencing Code[10] or a sentencing guidelines provision. Stated differently, the issue did not fairly

---

[10] *See* 42 Pa.C.S.A. §§ 9701-9781.

- 11 -

suggest Johnson's present claims — that the consecutive nature of his sentences was improper and that he received a *de facto* life sentence.[11] Accordingly, we conclude Johnson has waived them for our review.  ***See***

_____

[11] We note the trial court's opinion addressed, in the alternative, denial of relief on both of Johnson's issues on appeal.  As we find waiver for both issues, we do not reach the merits.

Additionally, the Commonwealth avers that the Pa.R.A.P. 2119(f) statement in Johnson's brief does not articulate a substantial question invoking our review.  ***See*** Commonwealth's Brief at 10.  We note the Rule 2119(f) statement states, in sum:

> The trial court erred in sentencing [Johnson] to consecutive rather than concurrent sentences thus resulting in a grossly excessive and unreasonable sentence, that essentially results in a life sentence thus qualifies as a substantial question [*sic*] requiring discretionary review.  42 Pa.C.S.A. § 9721; Pa.R.A.P. 2119(f).

Johnson's Brief at 3.

While we agree this statement "provides no further elaboration," Commonwealth's Brief at 11, we decline to find waiver on the basis of a deficient Rule 2119(f) statement.  While brief, the statement referred to consecutive sentences and the alleged life-long nature of his sentence.  Nevertheless, we remind Attorney Kelly:

> To convince us a substantial question exists, an appellant needs to advance a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the Sentencing Code or violated a fundamental norm of the sentencing process.  More specifically, the [Rule 2119(f)] statement must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the Code and/or what fundamental norm was violated, and explain how and why the sentencing court violated that particular provision and/or norm.

***Commonwealth v. Feucht***, 955 A.2d 377, 383-84 (Pa. Super. 2008) (citations omitted).

***Griffin***, 65 A.3d at 938; ***see also Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (stating this Court may find issues waived "when defects in a brief impede our ability to conduct meaningful appellate review," and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant").

For the foregoing reasons, we determine no relief is due on Johnson's issues, and we affirm his judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/19/2025